UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY BLAKE                                CIVIL ACTION

VERSUS                                      NUMBER 10-697-DLD

WAL-MART LOUISIANA, LLC                     CONSENT CASE

## RULING

This slip and fall suit is before the court on defendant's motion for summary judgment (rec. doc. 13). The motion is opposed by plaintiff (rec. doc. 16). The court exercises diversity jurisdiction over this matter based on 28 U.S.C. §1332.

**Factual Background**

On March 10, 2010, at 9:30 a.m., plaintiff Ashley Blake (Blake) was shopping in the dairy area of the Wal-Mart store located at 9350 Cortana Place, Baton Rouge, Louisiana, with co-workers and students with whom she worked (rec. docs. 1-1, 13-1). According to the petition, plaintiff slipped and fell on a liquid substance on the floor that is believed to be dish washing liquid. Id. As a result of the slip and fall, plaintiff alleges that she suffered "severe and disabling injuries" including, but not limited to injury to her person, mental pain and suffering, loss of enjoyment of life, medical expenses, and loss wages.[1] Id. Plaintiff brought suit against

---

[1] Plaintiff testified in her deposition that at the time of the accident, she maintained two jobs, which she lost because of her inability to work due to her injuries. (rec. doc. 1) Additionally, plaintiff testified that she had played semi-professional women's basketball in the summer of 2009, and was in line to sign a contract to play professional basketball in Europe in the summer of 2010, which would have paid her $4,000 per month for 9 months, and as a result of this accident, she was unable to play professional basketball. Id. Based on this information, defendant alleges in the notice of removal that plaintiff's claimed loss of earnings total $85,000. Id.

defendant in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging that defendant Wal-Mart's negligence caused her accident and resulting injuries.[2]  Id.

**Summary Judgment Standard**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law.  Federal Rule of Civil Procedure 56.  Summary judgment is appropriate against plaintiff herein, on a properly supported defense motion, if she fails to make an evidentiary showing in opposition to the motion sufficient to establish the existence of an element essential to her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). In opposing the motion, plaintiff may not rest on the mere allegations of her pleadings, but rather must come forward with "specific facts" showing that there is a "genuine" issue for trial.  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).  An issue as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).   The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in her favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at 255.

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  The Louisiana statute applicable to plaintiff's slip and fall claim is La. R.S. 9:2800.6.

---

[2] Plaintiff alleges that defendant Wal-Mart was negligent in failing to maintain a safe environment for patrons of its building, creating an unreasonably dangerous condition on the floor of the store, failing to exercise reasonable care and diligence in the discovery of the foreign substance on the floor, failing to provide adequate safety/clean-up measures to prevent accidents, failing to take measures to ensure the safety of others, failing to warn patrons of the unreasonably dangerous condition, and failing to implement adequate safety measures (rec. doc. 1-1).

**Arguments of the Parties**

Defendant Wal-Mart moves for summary judgment arguing that plaintiff is unable to meet her burden of proof under La. R.S. 9:2800.6. Specifically, defendant argues that plaintiff is unable to prove that defendant "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence" (rec. doc. 13). In support of its motion, defendant offers the deposition testimony of plaintiff and two of her co-workers, Coach Eric Holden and Shelley Wilson, to show that plaintiff is unable to point to facts or evidence to establish the constructive notice element of her claim.

Plaintiff responds by arguing that summary judgment is not appropriate in this matter because issues of fact remain with respect to whether defendant had constructive notice of the substance on the floor prior to the fall, and specifically whether the substance was on the floor for such a period of time that defendant should have noticed the substance and cleaned it up, whether defendant's employees properly followed safety/inspection procedures and should have noticed the substance on the floor, whether defendant's employee who was working in the vicinity of the substance should have noticed the substance and cleaned it up, and whether defendant had actual notice of the substance and failed to clean it up. In opposition to the motion for summary judgment, plaintiff offers video surveillance of the area prior to and after the accident, photos of the spill, a statement by the manager which indicates that the spill consists of droplets for approximately 40 feet through the store, and defendant's policies and procedures for conducting "safety sweeps" and clean-up procedures, all of which, plaintiff argues, prove that defendant had constructive notice of the spill.

**Discussion**

Because this matter is before the court based on diversity jurisdiction, this court is bound to apply federal procedural law and Louisiana substantive law. *Erie R. Co. V. Thompkins*, 304

U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. *Kennedy v. Wal-mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 1999). Under paragraph A of that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages. La. R.S. 9:2800.6.

The plaintiff's burden of proof is set forth in paragraph B, which provides as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, **all** of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B)(emphasis added).

With respect to the second element above, *i.e.*, whether defendant had actual or constructive notice of the condition that allegedly caused plaintiff to slip and fall, the definitions section of La. R.S. 9:2800.6 defines constructive notice as follows:

> (C)(1) "Constructive notice" means the claimant has proven that the condition existed *for such a period of time* that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 2800.6(C)(1) (emphasis added).

A plaintiff must make a "positive showing" of the existence of the condition prior to the fall. *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37, 40 (La. 6/30/00), citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). The merchant who is sued, on the other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall. *Id.* The Louisiana Supreme Court has held that the phrase "such a period of time," as used in Paragraph C(1), constitutes a temporal element that must be shown by a plaintiff in a slip in fall case. *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1184; see also *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d at 40; *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 4/13/99). La. R.S. 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. Id.

The Louisiana Supreme Court in *White v. Wal-Mart Stores, Inc.,* explained the temporal element as follows:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the

Case 3:10-cv-00697-DLD   Document 23   12/15/11   Page 5 of 8

statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

699 So.2d at 1084-1085.

The plaintiff may rely on circumstantial evidence to meet this burden and to show that it is more probable than not that the condition existed for some time prior to the accident. *Davenport v. Albertson's, Inc.*, 774 So.2d 340, 343 (La. App. 3rd Cir. 2000). Eye witness testimony that the condition existed prior to the accident is not necessary. Id. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is a question of fact, which precludes summary judgment. See *Dufour v. E-Z Serve Convenience Stores, Inc.*, 731 So.2d 915 (La. App. 5th Cir. 1999), citing *White, supra; Barton, supra;* see also *Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F.Supp. 996 (E.D. La. 1997).

Defendant relies on deposition testimony to show that neither plaintiff nor any witness has information concerning how long the dish washing liquid had been on the floor prior to the accident (rec. doc. 13, Exhibits A-C). In opposition, plaintiff offers various evidence to prove that the dish washing liquid was on the floor for at least 15 minutes prior to the accident. For example, plaintiff offers photos of the spill and the store manager's statement wherein he identifies the substance as dish washing liquid and acknowledges that there were "droplets from isle 13 to and around the bunker, approximately 40 feet" (rec. doc. 16-2, Exhibits B-C). Additionally, plaintiff offers video surveillance from 9:22 a.m. to 10:22 a.m., which includes the time of plaintiff's fall at approximately 9:56 a.m. (rec. doc. 20). The video shows an employee working in the area where plaintiff slipped and fell prior to and after the accident occurred. Plaintiff also offers several of defendant's manuals/documents that outline procedures for

-6-

conducting "safety sweeps" on a "regular basis" to identify potential spills and procedures for clean-up (rec. doc. 16, Exhibits E-H, p. 163, "Slip, Trip, and Fall Guidelines").

The photos of the spill and the manager's statement identifying the substance as dish washing liquid prove that there was a substance on the floor of the store at the time of plaintiff's accident. The video surveillance shows the area of the store where the accident occurred, the dairy area, for 15 minutes prior to the accident. The video surveillance does not contain events indicating that a spill occurred in the 15 minutes prior to plaintiff's fall. Further, the video shows numerous shoppers in the dairy area during the 15 minutes prior to plaintiff's accident, but there is only one shopper who travels in the path of the dish washing liquid - from isle 13 to and around the bunker, approximately 40 feet. Thus, based on the evidence produced by plaintiff and taking all justifiable inferences in her favor, a reasonable jury could find that the dish washing liquid was spilled prior to the beginning of the surveillance video and, therefore, remained undetected on the floor for some period of time before the accident. Plaintiff has carried her burden of showing that the dish washing liquid was on the floor for "some period of time," but issues of fact remain as to exactly how long the dish washing liquid was on the floor and whether that period of time is sufficiently lengthy that it would have been discovered if defendant had exercised reasonable care.

The video also shows one of defendant's employees (stock clerk) working in the vicinity of the accident prior to and after the accident occurred. Plaintiff relies on the procedures outlined in defendant's safety manuals establishing that defendant's employees are required to inspect the floors via a "safety sweep" on a "regular basis," to support her argument that the stock clerk (and, therefore, Wal-Mart) had constructive notice of the spill. The presence of the

-7-

stock clerk in the vicinity of the accident, alone, does not prove that defendant had constructive notice. La. R.S. 9:2800.6(C)(1). It appears from the video, however, that the stock clerk could see at least a portion of the 40 feet of flooring speckled by the spill. Further, it appears that neither the stock clerk nor any other Wal-Mart employee performed a safety sweep during the 15 minutes prior to plaintiff's accident. Genuine issues of material fact remain with respect to whether the stock clerk knew or in the exercise of reasonable care, should have known, that dish washing liquid was on the floor prior to the accident. Considering the safety sweep procedures adopted by defendant and the presence of the Wal-Mart employee in the vicinity of the accident, and taking all justifiable inferences in plaintiff's favor, a reasonable jury could find that Wal-Mart had constructive notice of the spill.

Thus, the court finds that genuine issues of material fact precluding summary judgment remain with respect to whether defendant had constructive notice of the dish washing liquid on the floor prior to plaintiff's fall. Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment (rec. doc. 13) is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 15, 2011.

                                                                             _____
                                                                             **MAGISTRATE JUDGE DOCIA L. DALBY**